UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAGMA GLOBAL, LLC,

      Plaintiff,

v.                                CASE NO. 8:23-cv-2076-SDM-AEP

NHT SP, LLC, et al.,

      Defendants.

_____/

**ORDER**

    Magma Global, LLC, a company offering vacation packages that include, among other things, hotel and event booking; vehicle rentals; dining reservations; event tickets; and airfare, designed for foreign customers a vacation package centered around a Super Bowl.  Magma contracted with the defendants, the owners and operators of a Marriott hotel in St. Petersburg, Florida, and agreed to rent for four nights one hundred rooms.  Magma paid $204,000 for the rooms.  But several months before the Super Bowl, Magma encountered a problem.  The Super Bowl around which the package centered — the 2021 Super Bowl in Tampa, Florida — reduced attendance to one-quarter capacity because of COVID-19.  Because of "government-imposed travel restrictions[] and NFL event limitations, Magma Global refunded . . . Magma Global's customers, all of whom . . . were international travelers."  (Doc. 1-1 ¶ 34)  The defendants, however, declined to refund Magma for the hotel rooms.

Magma asserts three claims against the defendants.  Count I asserts a breach of contract claim and alleges that the defendants failed to honor the contract's "impossibility" clause and failed to return the money that Magma paid for the hotel rooms.  The "impossibility" clause states:

> The performance of this Agreement is subject to termination without liability upon the occurrence of any circumstance beyond the control of either party—such as acts of God, war, acts of terrorism, government regulations, disaster, strikes, civil disorder, or curtailment of transportation facilities—to the extent that such circumstance makes it illegal or impossible for the Hotel to provide, or for groups in general to use, the Hotel facilities. The ability to terminate this Agreement without liability pursuant to this paragraph is conditioned upon delivery of written notice to the other party setting forth the basis for such termination as soon as reasonably practical—but in no event longer than ten (10) days—after learning of such basis.
>
> Hotel and client shall have no liability for utility disruptions of any kind. In the event that the designate[d] Super Bowl Is [sic] postponed or rescheduled for any reason by the National Football League (NFL), Hotel shall cooperate in good faith with Group to assist Group In [sic] securing rooms for the reschedule[d] dates, at the rates and on the terms set forth herein; provided that Group acknowledges that rooms for each rescheduled dates are subject to availability.

Count II asserts a claim for unjust enrichment.  Count III requests a declaration that Magma "duly cancelled" the contract based on the "impossibility" clause.  The defendants move (Doc. 4) to dismiss the complaint and argue that performance of the contract was possible and that because an express contract addressed the pertinent subject Magma cannot assert a claim for unjust enrichment.  Magma opposes (Doc. 6) the motion.

Magma premises Counts I and III on the impossibility of the contract.  *Marathon Sunsets, Inc. v. Coldiron*, 189 So. 3d 235, 236 (Fla. 3d DCA 2016), explains that a

- 2 -

party may assert that a contract was impossible or that the purpose of the contract was frustrated if performance of the contract was impossible and if the party "neither assumed the risk of impossibility nor could have acted to prevent the event rendering the performance impossible."  But the parties to a contract may freely specify the terms and conditions of their agreement and may include a *force majeure* clause or a similar clause (such as Magma's "impossibility" clause) that either establishes the circumstances in which the performance of a contract is impossible or establishes which party bears the risk of impossibility.  *Vereit Real Est., L.P. v. Fitness Int'l, LLC*, 365 So. 3d 442, 449–50 (Fla. 3d DCA 2023); *Okeechobee Resorts, L.L.C. v. E Z Cash Pawn, Inc.*, 145 So. 3d 989, 993 (Fla. 4th DCA 2014).  But *force majeure* clauses and the like are narrowly construed and excuse a party's non-performance only if the event that caused the party's non-performance is specifically identified.  *Fitness Int'l, LLC v. 93 FLRPT, LLC*, 361 So. 3d 914, 921–22 (Fla. 2d DCA 2023) (quoting *Palm Springs Mile Assocs. v. Kirkland's Stores, Inc.*, 2020 WL 5411353, at *2 (S.D. Fla. 2020) (Scola, J.)).  "[C]ourts are reluctant to excuse performance that is not impossible but merely inconvenient, profitless, and expensive . . . ."  *Valencia Ctr., Inc. v. Publix Super Markets, Inc.*, 464 So. 2d 1267, 1269 (Fla. 3d DCA 1985).  Making a deal that becomes unprofitable or even unpalatable differs from making a deal that becomes impossible.

Magma alleges the conclusion that the contract was impossible to perform and that Magma correctly invoked the "impossibility" clause in the contract, but a review of the "impossibility" clause reveals that the facts alleged (even if assumed true) fail to establish "impossibility."  The "impossibility" clause excuses performance if an

- 3 -

event "beyond the control of either party . . . makes it illegal or impossible for the Hotel to provide, or for groups in general to use, the Hotel facilities." But Magma includes no allegation that the Hotel declined to provide the rented rooms at the agreed rate. Similarly, although the "impossibility" clause permits re-scheduling if the Super Bowl is postponed or re-scheduled, the Super Bowl occurred. Although Magma's allegations of fact are assumed true, the facts alleged fail to show that Magma properly invoked the "impossibility" clause, which, as discussed above, is narrowly construed.

Also, the defendants contend that Count II, Magma's claim for unjust enrich-ment, warrants dismissal because an express contract exists. "Unjust enrichment cannot apply where an express contract exists which allows the recovery." *Atlantis Est. Acquisitions, Inc. v. DePierro*, 125 So. 3d 889, 893 (Fla. 4th DCA 2013) (citing *Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So. 2d 696, 697 (Fla. 1st DCA 2008)). But a party may assert — in the alternative to a breach of contract claim — a claim for unjust enrichment if "one of the parties asserts that the contract governing the dis-pute is invalid." *Degutis v. Fin. Freedom, LLC*, 978 F. Supp. 2d 1243, 1265 (M.D. Fla. 2013) (Chappell, J.) (citing *Zarrella v. Pac. Life Ins. Co.*, 755 F. Supp. 2d 1218, 1227–28 (S.D. Fla. 2010) (Cohn, J.)).

Because the parties agree that an express contract existed (indeed, Magma ar-gues that the defendants breached the contract), Magma cannot assert a claim for un-just enrichment. Nothing in the complaint suggests that Magma asserts the unjust enrichment claim in the alternative to the claim that the defendants breached the

- 4 -

contract, and nothing suggests that either party believes that contract is invalid.  The claim for unjust enrichment fails as a matter of law.

For these reasons and others stated by the defendants, the motion (Doc. 4) to dismiss is **GRANTED**.  The complaint is **DISMISSED WITHOUT PREJUDICE**. No later than **DECEMBER 22, 2023**, Magma may amend the complaint.

ORDERED in Tampa, Florida, on December 1, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE