UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAGMA GLOBAL, LLC,

    Plaintiff,

v.                                                     CASE NO. 8:23-cv-2076-SDM-AEP

NHT SP, LLC, et al.,

    Defendants.
_____/

## ORDER

Magma Global, LLC, asserts claims for breach of contract and conversion and alleges that, in violation of an "impossibility clause," the defendants, the owners and operators of a Marriott hotel in St. Petersburg, Florida (collectively, Marriott), declined to terminate a contract to rent hotel rooms. An earlier order dismisses without prejudice Magma's initial complaint because Magma failed to allege facts sufficient to establish that Magma properly invoked the impossibility clause. Magma amends the complaint, and Marriott moves (Doc. 18) to dismiss. Magma responds (Doc. 20) in opposition.

## BACKGROUND[1]

A company offering vacation packages that include "hotel and event booking and management, vehicle rentals, itinerary and activities, dining reservations, airfare,

---

[1] Each well-pleaded allegation of fact is assumed true. This order considers the exhibits that Magma appends to the amended complaint. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th
(continued…)

and event tickets," Magma designed for foreign customers a vacation package centered around the 2021 Super Bowl in Tampa, Florida. In December 2019, Magma contracted with Marriott and agreed to rent a hundred rooms from February 4, 2021, through February 7, 2021. The contract directs Magma to pay three installments of $68,000 and to pay the "final balance" (a payment separate from each installment) on December 4, 2020. Also, the contract requires Magma to reserve the rooms no later than December 4, 2020, by submitting a "Rooming List." The contract permits Marriott to "release the unreserved rooms for general sale[] and determine whether or not [Marriott] can accept reservations based on a space- and rate-available basis at the Magma Global group rate after [December 4]."

The contract includes an "impossibility" clause, which states:

> The performance of this Agreement is subject to termination without liability upon the occurrence of any circumstance beyond the control of either party—such as acts of God, war, acts of terrorism, government regulations, disaster, strikes, civil disorder, or curtailment of transportation facilities—to the extent that such circumstance makes it illegal or impossible for the Hotel to provide, or for groups in general to use, the Hotel facilities. The ability to terminate this Agreement without liability pursuant to this paragraph is conditioned upon delivery of written notice to the other party setting forth the basis for such termination as soon as reasonably practical—but in no event longer than ten (10) days—after learning of such basis.
>
> Hotel and client shall have no liability for utility disruptions of any kind. In the event that the designate[d] Super Bowl is

---

Cir. 2016) ("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls."). Also, although Magma declines to submit the contract on which Magma bases the breach of contract claim, Marriott submits the contract as an exhibit to the motion to dismiss. This order considers the contract. *G&G TIC, LLC v. Alabama Controls, Inc.*, 324 Fed. Appx. 795, 798 (11th Cir. 2009) (persuasively holding that a district court properly considered a contract "referenced in [the] [a]mended [c]omplaint" and citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005)).

> postponed or rescheduled for any reason by the National Football League (NFL), Hotel shall cooperate in good faith with [Magma] to assist [Magma] in securing rooms for the reschedule[d] dates, at the rates and on the terms set forth herein; provided that [Magma] acknowledges that rooms for each rescheduled dates are subject to availability.

In October 2020, Magma informed Marriott that Magma's foreign customers were "unable to travel" because of COVID-19 restrictions, and Magma attempted to invoke the impossibility clause. Contending that the impossibility clause was inapplicable, Marriott declined to terminate the contract, and in November 2020 Marriott withdrew from Magma's account the final installment. Magma neither timely paid the "final balance" nor reserved any room in accord with the contract.

On January 8, 2021, rather than "release the unreserved rooms for general sale," Marriott informed Magma that Magma could rent the rooms "without penalty" if Magma paid the "remaining balance" under the contract. Magma declined to pay the balance and insisted that the impossibility clause both excused Magma from paying any more money and required Marriott to refund the money Magma paid. On January 19, 2021, Marriott informed Magma that Marriott would not provide the rooms. On January 22, 2021, the NFL announced that the Super Bowl would occur as scheduled but that the NFL would limit attendance to 14,500.

Magma asserts against Marriott a claim for breach of contract and a claim for conversion. Magma alleges that Magma properly invoked the impossibility clause but that Marriott declined to terminate the contract. Further, Magma alleges that, despite Marriott's failing to permit Magma to use the rooms in accord with the

agreement, Marriott declined to refund $204,000, the total of the three installments paid to Marriott.

## ANALYSIS

### I. Breach of Contract

To establish a breach-of-contract claim, Magma must show "(1) a valid contract existed; (2) a material breach of the contract; and (3) damages." *Deauville Hotel Mgmt., LLC v. Ward*, 219 So. 3d 949, 953 (Fla. 3d DCA 2017). The parties agree that a valid contract existed but dispute which party breached the contract. Magma contends that Magma correctly invoked the impossibility clause and that, by failing to terminate the contract and to refund money to Magma, Marriott materially breached the contract.

Parties may freely determine the terms of their contract and may include a *force majeure* clause, such as Magma's "impossibility" clause, (1) that establishes the circumstances in which performance of a contract is excused because performance becomes impossible or (2) that establishes which party incurs the risk of impossibility. *Vereit Real Est., L.P. v. Fitness Int'l, LLC*, 365 So. 3d 442, 449–50 (Fla. 3d DCA 2023); *Fitness Int'l, LLC v. 93 FLRPT, LLC*, 361 So. 3d 914, 921–22 (Fla. 2d DCA 2023); *Okeechobee Resorts, L.L.C. v. E Z Cash Pawn, Inc.*, 145 So. 3d 989, 993 (Fla. 4th DCA 2014). A *force majeure* clause is narrowly construed; generally, a *force majeure* clause excuses a party's performance only "if the event that cause[s] the party's non-performance is specifically identified" by the clause. *Fitness Int'l*, 361 So. 3d at 922

- 4 -

(quoting *Palm Springs Mile Assocs. v. Kirkland's Stores, Inc.*, 2020 WL 5411353, at *2 (S.D. Fla. 2020)).

The contract's plain language controls. *Okeechobee Resorts*, 145 So. 3d at 993. Absent an agreement otherwise, a contract binds a party even if performance is "inconvenient, profitless, and expensive." *Valencia Ctr., Inc. v. Publix Super Markets, Inc.*, 464 So. 2d 1267, 1269 (Fla. 3d DCA 1985). "Feelings of financial frustration do not necessarily equate to findings of frustration or impossibility under the law." *Valencia Ctr.*, 464 So. 2d at 1270. As stated in the earlier order dismissing Magma's initial complaint, "[m]aking a deal that becomes unprofitable or even unpalatable differs from making a deal that becomes impossible."

The impossibility clause in Magma's contract excuses performance if a "circumstance beyond the control of either party . . . makes it illegal or impossible for the Hotel to provide, or for groups in general to use, the Hotel facilities." The exhibits that Magma attaches to the amended complaint establish that Marriott was prepared to provide the rooms as agreed. For example, a January 8, 2021 e-mail from Marriott to Magma confirms that Magma may use the rooms if Magma pays in accord with the contract. (Doc. 17-6) Marriott could provide, and "groups in general [could] use," the hotel. Consequently, Magma lacked any basis to invoke the impossibility clause.

Resisting this conclusion, Magma asserts two arguments. First, Magma contends that COVID-19 and the consequent restrictions frustrated the contract's purpose, that is, to provide hotel rooms for Magma customers who attended the 2021

- 5 -

Super Bowl in Tampa. Magma appears to conflate frustration of purpose with impossibility. *See Crown Ice Mach. Leasing Co. v. Sam Senter Farms, Inc.*, 174 So. 2d 614, 617 (Fla. 2d DCA 1965) ("These two theories of 'impossibility of performance' or 'frustration of purpose,' while theoretically distinct, are often confused by the courts and textbook writers in applying them."). The parties' contract includes no term permitting termination based on a frustration of purpose.[2] The contract directs the parties to cooperate and to reschedule if the Super Bowl is postponed. But the Super Bowl occurred as scheduled, and more than 14,000 attended the Super Bowl. The contract's purpose was not frustrated because the primary purpose of the contract "remained intact." *See Longo v. Campus Advantage, Inc.*, 588 F. Supp. 3d 1286, 1294 (M.D. Fla. 2022) (Mizelle, J.) (finding no frustration of purpose based on a housing facility's limiting access to amenities during COVID-19 and determining that the primary purpose of the contract, that is, "provid[ing] living accommodations," "remained intact").

Second, Magma argues that Marriott ultimately failed to provide the hotel rooms. Magma's allegations and exhibits establish that Marriott "revoked the option" to use the hotel rooms only after Magma failed both to pay the final balance and to reserve any room in accord with the contract and after Marriott offered

---

[2] Magma's claim that the purpose of the contract was frustrated is not obviously connected to Magma's breach of contract claim. Generally, "frustration of purpose" is either an affirmative defense to a claim for breach of contract or an element of a claim for recission. *See Vereit Real Est.*, 365 So. 3d at 448 n.5 (quoting 11 Fla. Jur. 2d Contracts § 262); *Bland v. Freightliner LLC*, 206 F. Supp. 2d 1202, 1206–08 (M.D. Fla. 2002) (Kovachevich, C.J.). But Magma neither asserts a defense (because Magma is the plaintiff and Marriott asserts no counterclaim) nor asserts a claim for recission.

- 6 -

Magma the option to use the hotel rooms at the agreed rate if Magma paid the balance by a certain day. The contract explains that after December 4, 2020, Marriott may release any unreserved room for "general sale" and may "determine whether or not [Marriott] can accept reservations based on a space- and rate-available basis at the Magma Global group rate . . . ." Magma fails to allege that Magma reserved any room in accord with the contract. The allegations establish that Marriott acted consistent with the contract. In any event, after Magma failed to pay the balance, as required by the contract, Marriott need not continue with the contract. *Jones v. Warmack*, 967 So. 2d 400, 402 (Fla. 1st DCA 2007).

## II.   Conversion

"[A] conversion is an unauthorized act which deprives another of his property permanently or for an indefinite time." *Senfeld v. Bank of Nova Scotia Tr. Co. (Cayman)*, 450 So. 2d 1157, 1160–61 (Fla. 3d DCA 1984). If a plaintiff bases a conversion claim on the alleged deprivation of money only, the plaintiff must establish (1) that the money is "specific and identifiable," (2) that the plaintiff has an "immediate right to possess the money," (3) that Marriott committed an "unauthorized act [that] deprive[d] [the] plaintiff of that money," and (4) that Marriott declined to return the money upon the plaintiff's request. *Freeman v. Sharpe Res. Corp.*, 2013 WL 2151723, at *2 (M.D. Fla. 2013) (Conway, J.). A conversion claim cannot "simply mirror[]" a breach of contract claim; rather, a conversion claim must "'go beyond' and 'be independent of' [a] breach of contract claim[]." *Toms v. State Farm Life Ins. Co.*, 2022 WL 2758212, *3 (M.D. Fla. 2022) (Mizelle, J.) (citing *Gasparini v. Pordomingo*, 972 So. 2d

1053, 1055 (Fla. 3d DCA 2008)). If "the compensatory damages requested in a count for [conversion] are identical to the compensatory damages sought in a count for breach of contract, compensatory damages and punitive damages for the [conversion] are not recoverable." *Rosen v. Marlin*, 486 So. 2d 623, 626 (Fla. 3d DCA 1986). In general, money as fungible and generic money (that is, for example, not as a specific and identifiable commodity, such as, a rare coin collection), is not susceptible to "conversion."

Magma's conversion claim is entirely dependent on the breach of contract claim. Unless Marriott breached the contract by failing to terminate the contract in accord with the impossibility clause, Marriott committed no "unauthorized act" by withdrawing the money owed under the contract. Magma's conversion claim restates the breach of contract claim and requests the same damages ($204,000, the total of the three installments paid in accord with the contract). The allegations offer no independent basis for a conversion claim.

## CONCLUSION

For these reasons and others stated by Marriott, the motion to dismiss is **GRANTED**. Because an earlier order permitted Magma to amend the complaint, because the amended complaint includes many of the dismissed complaint's deficiencies, and because further amendment is futile, the complaint is **DISMISSED WITH PREJUDICE**. The clerk must enter in favor of NHT SP, LLC; NHT Operating

Partnership, LLC; Aimbridge Hospitality, LLC; and Pallas, LLC, a judgment of dismissal with prejudice. The clerk must close the case.

ORDERED in Tampa, Florida, on June 3, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE